J-S28004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :            PENNSYLVANIA
                                         :
             v.                            :
                                         :
SHAWN A. STEWART                :
                                         :
             Appellant                :       No. 1817 MDA 2019

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005521-2014

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                       **FILED JULY 24, 2020**

Shawn A. Stewart appeals from the October 15, 2019 judgment of sentence of seventeen and one-half to thirty-five years of imprisonment, imposed when he was re-sentenced for robbery, burglary, recklessly endangering another person ("REAP"), simple assault, theft by unlawful taking, criminal use of a communication facility, and four counts of conspiracy. Appellant challenges discretionary aspects of his sentence.  After careful review, we affirm.

The pertinent facts underlying Appellant's convictions were set forth by the trial court and summarized by this Court on direct appeal:

> Briefly, in the two years leading up to early January 2014, Appellant and Sandra Matos ("Sandra") were engaged in a "friends with benefits" relationship.  As of January 2014, Sandra lived in a Middletown, Pennsylvania townhome with her 13-year old twin sons.  In the two months leading up to January 6, 2014, Sandra's

father, Samuel Matos ("Matos"), lived with Sandra and her sons after moving to Middletown from Puerto Rico.

On the morning of Monday, January 6, 2014, Sandra was at work and her sons were at school when Matos heard a knock on the front door of the townhome. He opened the door to find two males and one female who asked for Sandra. When Matos explained she was not there, the three entered the home uninvited. One intruder put a gun to Matos'[s] chest, ordered him to the floor, zip-tied his wrists behind him, and placed an item over his head. The other two intruders went upstairs and ransacked Sandra's bedroom and Matos'[s] bedroom before leaving the home with a small blue suitcase belonging to Matos.

Matos was able to leave the home and summon assistance from a neighbor who called the police. The police, in turn, called Sandra who returned to the home. In the course of discussions with the police, Sandra explained that she had fabricated a story—playing to Appellant's perpetual interest in money—telling Appellant she was traveling to Puerto Rico over the January 3-5 weekend to conduct business for her father and she was returning to Middletown with $87,000 in a locked bag.

Following a police investigation, Appellant was arrested and charged with burglary, robbery, conspiracy and other crimes. Following trial, a jury found Appellant guilty of all ten counts against him. On August 3, 2015, the trial court sentenced Appellant to consecutive terms of imprisonment totaling not less than 28 years nor more than 56 years in a state correctional institution, plus fines totaling $4,000. Each of the sentences fell within the standard range for the crime committed.

*Commonwealth v Stewart*, 154 A.3d 869 (Pa.Super. 2016) (unpublished memorandum). This Court affirmed judgment of sentence. *Id*.

Appellant filed a timely PCRA petition in which he alleged, *inter alia*, that trial counsel was ineffective for failing to raise issues pertaining to sentencing, specifically, that the trial court erred in imposing consecutive sentences for conspiracy to commit burglary, conspiracy to commit robbery, and conspiracy

- 2 -

to commit unlawful restraint. We determined that there was one common plan or scheme to achieve a common, single, comprehensive goal, and hence, the imposition of consecutive sentences on the inchoate crimes of conspiracy was error. Since conspiracy to commit burglary and robbery were the higher-graded offenses, *i.e.*, first-degree felonies, we directed the trial court on remand to determine which of these felonies would stand. ***Commonwealth v. Stewart***, 219 A.3d 228 (Pa.Super. 2019) (unpublished memorandum).

On October 15, 2019, the court resentenced Appellant to eight and one-half to seventeen years imprisonment for robbery at count one; a consecutive term of six to twelve years of imprisonment for burglary at count two; three to six years of imprisonment for conspiracy to commit robbery at count three, to run consecutive to the sentence imposed at count two; three to six years of imprisonment for conspiracy to commit burglary at count four, to run concurrent to the sentence imposed at count three; the costs of proceedings and no further sentence at counts five and six for conspiracy; a fine and cost for REAP at count seven; and no further sentence at counts eight, nine and ten, simple assault, theft by unlawful taking, and criminal use of communication facility, respectively. The aggregate term of imprisonment

was seventeen and one-half to thirty-five years.[1]  N.T. Resentencing, 10/15/19, at 12-14.

Appellant timely appealed to this Court, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant presents the following issues for our review:

I.     Whether the sentencing court abused its discretion when it applied the deadly weapon enhancement where the trial evidence was insufficient to establish that [Appellant] possessed or used a deadly weapon at the time of the robbery?

II.    Whether the sentencing court abused its discretion when it sentenced [Appellant] to an aggravated range sentence on the robbery count of [eight] years, where the sentencing guidelines even with the application of the deadly weapon enhancement was 78 to 90 months, and the court did not state its reasons for the aggravated range sentence?

III.   Whether the sentencing court abused its discretion by imposing consecutive sentences on the robbery, burglary and conspiracy counts where the entire criminal episode was part of one continuous incident and objective[,] thereby resulting in an aggregate sentence that was unreasonable?

_____

[1] As Appellant notes, the trial court stated in its opinion that the new aggregate sentence was fourteen and one-half to twenty-nine years of imprisonment, maintaining that it imposed no further penalty at count three.  However, the sentencing order and the sentencing transcript confirm that the court imposed a three-to-six-year term of imprisonment for conspiracy to commit robbery at count three.  The court may have taken into consideration the fact that the sentence of three to six years at count four (conspiracy to commit burglary), and one to two years at count seven, were run concurrent to the sentence at count three and count one, respectively, resulting in an aggregate sentence of fourteen and one-half to twenty-nine years of imprisonment.

Appellant's brief at 4.

All of Appellant's issues implicate discretionary aspects of his sentence. An appellant is not entitled as a matter of right to review of such challenges. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Rather, we treat appellant's brief on such issues as a petition for permission to appeal. *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa.Super. 2015); *see also* 42 Pa.C.S. § 9781(b). Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was preserved at sentencing or in a motion to modify or reconsider sentence; (3) whether appellant has supplied a Pa.R.A.P. 2119(f) statement in his appellate brief; and (4) whether appellant has presented a substantial question under the Sentencing Code. *See Moury*, *supra* at 170. We determine what constitutes a substantial question on a case-by-case basis. *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa.Super. 2017). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa.Super. 2017) (citation omitted).

Appellant filed a timely notice of appeal. Although he did not file a post-sentence motion, he raised the issues at the resentencing hearing. *See* N.T.

Resentencing, 10/15/19, at 6-7. His appellate brief contains the requisite Rule 2119(f) statement. Therein, he relies upon *Commonwealth v. Rhoades*, 8 A.3d 912 (Pa.Super. 2010), in support of his claim that allegations of error in the application of the deadly weapon enhancement present a substantial question. Appellant cites *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa.Super. 2008), and *Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa.Super. 1999), for the proposition that the trial court's failure to recite its reasons for imposing an aggravated range sentence on the robbery count presents a substantial question. Finally, in support of his claim that consecutive sentencing on the robbery, burglary, and conspiracy to commit robbery resulted in an excessive sentence presents a substantial question, Appellant relies upon *Commonwealth v. Foust*, 180 A.3d 416 (Pa.Super. 2018).

We find that Appellant's first two claims present substantial questions. As to Appellant's third issue, which is a challenge to the reasonability of imposing consecutive sentences, the following principles inform our review. "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013); *see also* 42 Pa.C.S. § 9721(a) (providing that the court may impose sentences

"consecutively or concurrently"); **Commonwealth v. Johnson**, 873 A.2d 704, 709 n.2 (Pa.Super. 2005) (noting that challenges to the trial court's discretion to impose consecutive or concurrent sentences ordinarily does not raise a substantial question). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Radecki**, 180 A.3d 441, 470 (Pa.Super. 2018); **accord Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa.Super. 2012) (*en banc*).

The sentence herein does not rise to that level. We agree with the trial court that the aggregate sentence of fourteen and one-half to twenty-nine years is not unduly harsh nor an abuse of discretion when one considers the nature of the crimes committed. **See Commonwealth v. Wright**, 832 A.2d 1104, 1107 (Pa.Super. 2003) (court has discretion to determine whether a sentence should be consecutive or concurrent). While the court imposed an aggravated range sentence on the robbery count, it reduced the term of imprisonment on the burglary charge from seven to fourteen years to six to twelve years. In accordance with this Court's directive, the court imposed sentence on conspiracy to commit robbery, which was for a term of imprisonment of three to six years instead of six to twelve years, a concurrent sentence on the conspiracy to commit burglary, and no sentence on the remaining two conspiracy counts. At Count seven, REAP, the court imposed

a sentence of one to two years to run concurrent to the sentence imposed at count one. No additional penalty was imposed on the simple assault, theft by unlawful taking, or criminal use of a communication facility. The aggregate sentence of imprisonment was substantially lower than the sentence originally imposed, and much lower than the sentence that could have been imposed. Thus, as to Appellant's third issue, we find no substantial question.

Accordingly, we proceed to review the merits of Appellant's first two issues, mindful of our standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> . . . .
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa.Super. 2014). Further, the trial court exercises considerable discretion when sentencing a defendant. Although the Commission on Sentencing has promulgated sentencing guidelines, those guidelines are not mandatory. ***Id***. at 760.

First, Appellant contends that the trial court imposed the deadly weapon enhancement when the evidence was insufficient to support it. Although the

trial court denied that it applied the enhancement, Appellant maintains that the court's denial cannot be reconciled with its imposition of a term of eight and one-half to seventeen years of imprisonment on the robbery count, which was identical to the sentence that it originally imposed for that crime. Appellant's brief at 17. Appellant argues further that since the original guideline form submitted at the first sentencing hearing and the ones prepared for the resentencing both contained a deadly weapon used enhancement for the robbery, burglary, and conspiracy offenses, the sentencing court applied the enhancement. Moreover, Appellant argues that when his counsel argued that the enhancement should not be applied, the sentencing court did not expressly state that it was not applying the enhancement. He contends that the court's numbers do not add up for a "straight aggravated range sentence." *Id*. at 19.

Appellant argues further that before a deadly weapon enhancement can be applied, the sentencing judge must first determine whether a defendant possessed the weapon during the commission of the offense. ***See Commonwealth v. Greene***, 702 A.2d 547 (Pa.Super. 1997). That did not occur here. Finally, Appellant contends that there was no evidence to support the application of the deadly weapon enhancement because the victim testified at trial that Appellant was not the male who possessed the gun and there was no evidence that it was within his immediate control, citing ***Commonwealth v. Greene***, 702 A.2d 547 (Pa.Super. 1997).

In response to Appellant's claim that it applied a deadly weapon enhancement at resentencing, the trial court stated: "we did not, as Defendant asserts, apply a deadly weapon enhancement in fashioning the sentence. Our record makes no reference to a deadly weapon enhancement. Rather, we sentenced in the aggravated range based upon appropriate reasons which we stated on the record." Trial Court Opinion, 7/18/13, at unnumbered 11.

We see no indication in the record that the trial court applied a deadly weapon enhancement to the sentence for robbery. It did not make the requisite finding that Appellant used a deadly weapon or announce its intention to apply an enhancement. Moreover, the sentencing court had the discretion to impose the sentence it did on the robbery count without applying such an enhancement. Hence, we find no abuse of discretion.

Second, Appellant directs our attention to **Commonwealth v. Mrozik**, 213 A.3d 273 (Pa.Super. 2019), reaffirming that a court is obligated to state its reasons on the record when it imposes an aggravated range sentence. He alleges that the trial court failed to do so when it imposed an aggravated range sentence on the robbery count, and that remand is necessary.

At the resentencing on October 15, 2019, the Commonwealth asked the court to impose the same aggregate sentence or something "very close to it." N.T. Resentencing, 10/15/19, at 12. Appellant's counsel represented to the court that his client had no significant disciplinary infractions while

incarcerated. Furthermore, Appellant completed some course work, but was ineligible for a core program because his minimum sentence was too high. A witness addressed the court and explained what a good man Appellant was to her when her father died, and how he took care of her mother and his mother. *Id*. at 10. She also testified that Appellant is a good father to his own children. *Id*. at 11. The sentencing court stated that the witness's pleas caused him to fashion a more favorable sentence for Appellant.

The trial court offered the following reasons in Appellant's presence for the sentence imposed. The court noted the serious impact of the crime upon the elderly victim, and pointed out that the victim's fear of Appellant was palpable at trial. Furthermore, the court noted that "the crime was very deliberate, very planned, very organized," and expressed fear for what may have occurred. Trial Court Opinion, 7/18/13, at 3-4 (unnumbered). The specific facts supporting this particular robbery and its effect upon the victim are appropriate factors upon which to base an aggravated sentence. *See Commonwealth v Fullin*, 892 A.2d 843 (Pa.Super. 2006) (holding an aggravated range sentence justified where the appellant showed extreme indifference for the consequences of his actions and because of the extreme nature of the harm to the victim).

Having previously concluded that Appellant's third issue fails to raise a substantial question, we affirm.

Judgment of sentence affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/24/2020</u>