J-A12024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER DANIEL ANDREWS :
:
Appellant : No. 1382 MDA 2020

Appeal from the Judgment of Sentence Entered October 8, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001537-2017

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: **FILED: JUNE 21, 2021**

Christopher Daniel Andrews appeals from the judgment of sentence, imposed in the Court of Common Pleas of Franklin County, after he was determined to be in technical violation of his probation. Upon careful review, we affirm.

The trial court summarized the facts of this case as follows:

On July 31, 2017, [Andrews] was involved in a physical altercation with Tonya Plyler and Alfred Braxton. [Andrews] arrived at [] Braxton's house and began pounding on the door. [Andrews] refused to leave, grabbed [] Plyler[,]pulled her out of the house, and threw her to the ground. [] Braxton fired a pistol into the ground and neighbors called the police. Corporal Michael A. Taylor of the Chambersburg Police Department arrived on the scene and took the statements of the parties involved and learned that[,] before this altercation, [] Plyler had witnessed [Andrews] following her on several occasions in the prior few weeks.

[Andrews] was charged with criminal trespass (F2), stalking (M1), disorderly conduct (M3), and harassment (S). On August 9, 2017, [Andrews] entered a plea of *nolo contendere* for the charge of stalking (M1). The Honorable Carol L. Van Horn sentenced

[Andrews] on August 9, 2017[,] to probation for a period of sixty (60) months with no early termination[,] and [Andrews] was given credit for serving eight days in the Franklin County Jail. The special conditions of [Andrews'] sentence included any program prison/probation officials deemed necessary, a firearms prohibition pursuant to 18 Pa.C.S. § 6105, and a no[-]contact provision prohibiting contact with [] Plyler or [] Braxton except for a one-time exchange per agreement.

In September of 2020, [Andrews] was arrested and probation violation proceedings commenced for failure to abstain from using illegal substances, failure to notify his [probation] officer of change of status of employment within seventy-two (72) hours, and failure to have no contact with his victim, [] Plyler. At his September 11, 2020 preliminary violation hearing, [Andrews] admitted to all three violations and signed a waiver of his *Gagnon II*[1] hearing. An updated pre-sentence investigation report [("PSI")] was completed by [the] Franklin County Probation Department. [Andrews] was resentenced on October 8, 2020 to imprisonment in a state correctional facility for a period of not less than six months or more than twenty-four months.

Trial Court Opinion, at 1-2 (citations and unnecessary capitalization omitted).

Andrews filed a timely post-sentence motion to modify his sentence, which the court denied on November 5, 2020. Andrews filed a notice of appeal on October 27, 2020,[2] followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Andrews raises one claim for our review:

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (*Gagnon II* entails a consideration of whether the facts determined warrant revocation and whether the probationer has, in fact, acted in violation of one or more conditions of his probation; must be demonstrated by evidence containing probative value).

[2] Where a trial court denies an appellant's post-sentence motion while an appeal that originated from a premature notice of appeal is pending, this court will treat the premature notice of appeal "as having been filed after entry of [an] order denying post-sentence motions." *Commonwealth v. Ratushny*, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011)

Whether the trial court abused its discretion when it sentenced [Andrews] to a sentence of 6 months to 24 months in a state correctional institution following a first technical violation of his original probationary sentence that had been imposed on August 9, 2017[,] without proper justification for such a sentence?

Brief of Appellant, at 9 (unnecessary capitalization omitted).

We begin by noting our well-settled standard of review:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

Andrews' claim raises a challenge to the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.* The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing

judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Sierra**, 752 A.2d 910, 912-13 (Pa. Super. 2000).

Here, Andrews filed a post-sentence motion for reconsideration of sentence, as well as a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). Accordingly, we must now determine whether Andrews has raised a substantial question that his sentence is not appropriate under the Sentencing Code.

In determining whether a substantial question exists, we may not look beyond the statement of questions presented and the prefatory Rule 2119(f) statement. **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018). In his Rule 2119(f) statement, Andrews asserts that the court abused its discretion in sentencing him to an aggravated-range sentence without placing any reasons on the record for the imposition of such a sentence as required pursuant to 204 Pa. Code § 303.13(c). **See** Brief of Appellant, at 13. An allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence raises a substantial question for our review. **Commonwealth v. Mrozik**, 213 A.3d 273, 275–76 (Pa. Super. 2019), citing **Commonwealth v. Booze**, 953 A.2d 1263, 1278 (Pa. Super. 2008). Additionally, in his statement of questions involved, Andrews alleges

that a sentence of total confinement of 6 to 24 months following a first technical violation was an abuse of discretion and was imposed without proper justification. *See* Brief of Appellant, at 9. This claim also raises a substantial question. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006) (probation revocation sentence based solely on technical violations and claimed to be excessive raises substantial question). Accordingly, we will review Andrews' claim.

Andrews asserts that his sentence is "clearly unreasonable" because he had been "in full compliance with his supervision from August 2017 until he was incarcerated for this violation beginning in September 2020, a total of 27 months of full compliance." Brief of Appellant, at 16. He argues that he had never previously been convicted of a criminal offense, had never missed a reporting appointment with his probation officer, has held employment and maintained housing throughout his supervision, and has made payments towards his fines and costs. *See id.* at 16-17. Andrews asserts that, in light of these facts, the court's imposition of a sentence of total confinement in a state correctional facility for mere technical violations of his probation was an abuse of discretion. Andrews is entitled to no relief.

We begin by noting that Andrews' references to the Sentencing Guidelines[3] and the sentencing considerations contained in 42 Pa.C.S.A. § 9721(b) are misplaced.

> [C]ontrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply [upon revocation of probation], and the revocation court is not cabined by [s]ection 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. **See Commonwealth v. Reaves**, [] 923 A.2d 1119, 1129 ([Pa.] 2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

**Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014).

Rather, upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, the court shall not impose a sentence of total confinement unless it finds that:

---

[3] In 2008, the legislature tasked the Pennsylvania Commission on Sentencing with the adoption of Resentencing Guidelines. **See** Act of Sept. 25, 2008, P.L. 1026, No. 81, § 4, as amended, 42 Pa.C.S.A. § 2154.4. However, the Resentencing Guidelines promulgated by the Commission apply only to revocations of probation for offenses committed on or after January 1, 2020. **See** 204 Pa. Code § 307.2(b). Here, Andrews committed his underlying offense on July 31, 2017. Accordingly, the court was not bound to consider the Resentencing Guidelines in reimposing sentence.

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010), citing ***Commonwealth v. Malovich***, 903 A.2d 1247 (Pa. Super. 2006). Technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform. ***Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa. Super. 2007).

Finally, 42 Pa.C.S.A. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** ***See also*** Pa.R.Crim.P. 708(C)(2) (at time of sentence following revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed").

First, we note that the Honorable Mary Beth Shank—who was not Andrews' sentencing judge—ordered an updated PSI prior to resentencing. Where a PSI exists, we presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those

considerations along with mitigating statutory factors. ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Moreover, the record reveals that Andrews committed three separate and distinct violations of the terms of his probation. The trial court addressed Andrews' failure to comply with the terms of his probation as follows:

> This [c]ourt found, in the thirty-seventh month of supervision, [Andrews] was unable to follow the clear rules set forth by [p]robation. In issuing its sentence, this [c]ourt informed [Andrews] that in its review of the [PSI], we were concerned with the number of violations. The [c]ourt addressed the blatant rule violation when [Andrews] had the very person that was the subject of the "no contact" provision of the August 9, 2017 [o]rder drive [him] to meet with his probation officer. The [c]ourt also expressed its agreement with the Commonwealth that resources made available were exhausted. [Andrews'] violations, while technical, are blatant violations of the rules [he] was ordered to comply with. Further, by his own admission, it is clear [Andrews] knew the rules were binding on him when he violated; there was no ignorance here.
>
> [Andrews] argues that rehabilitation and treatment is the more appropriate avenue to sanction a drug-related violation. [However, Andrews] was directed to complete drug and alcohol treatment and failed to do so. While [Andrews] argues he has not exhausted local resources, this [c]ourt finds it telling that [Andrews] was previously directed to complete, and failed to complete, the very treatment he is arguing this [c]ourt should have considered as part of its sentence for his violation.
>
> . . .
>
> [W]hile failure to notify his supervising officer within 72 hours of a change in employment is not the most serious violation [Andrews] admitted to, it is clear that [he] was aware of the requirement to inform his supervising officer of any change in status. As [Andrews] points out in his [p]ost-[s]entence [m]otion, he had advised his officer of a change in employment eleven times during his time of supervision. It is evident to the [c]ourt that if he could comply with this requirement the previous eleven times, he knew it was a requirement he had to abide by.

Lastly, [Andrews] failed to abide by the no[-]contact order with his victim, Ms. Plyler. This [c]ourt considered this the most egregious of his violations. [Andrews] argues that because he is not "well-versed in the criminal justice system" he did not think he had to comply with the no[-]contact order if the victim said she could contact him. However, in the [PSI], [Andrews] is noted to have said he was told "if his probation officer didn't know it was happening, it was no big deal." [Andrews] knew it was a violation of the rules if he felt he had to hide it from his probation officer. Further, it is troubling to this [c]ourt that [Andrews] had the victim . . . drive him to his probation meeting of all places.

Trial Court Opinion, 12/28/20, at 6-7 (citation to record omitted).

Where the record reflects that Andrews violated three different conditions of his probation, while also failing to avail himself of drug and alcohol treatment as directed by his probation officer, the court acted within its discretion in determining that a sentence of total confinement was necessary to vindicate the court's authority. As the record reflects that the court was fully informed and considered all relevant facts in making its determination, we cannot re-weigh the sentencing factors to achieve a different result. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). Andrews, therefore, is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/21/2021