J-S14010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON EBERT | : | |
| | : | |
| Appellant | : | No. 1319 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 9, 2020
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s):  CP-66-CR-0000160-2019

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                           **FILED JUNE 29, 2021**

Cameron Ebert appeals from his September 9, 2020 judgment of sentence of an aggregate term of sixty-seven to one hundred sixty-eight months of incarceration that was imposed after he pled guilty to aggravated assault resulting in significant bodily injury, aggravated assault resulting in bodily harm, and simple assault.  We affirm.

The trial court provided the following apt description of the factual background of this case in its Pa.R.A.P. 1925(a) opinion:

> On April 12, 2019, [then 17-year-old] Appellant was a patient at Tyler Memorial Hospital's emergency department, which is located at 5954 State Route 6 in Tunkhannock Township, Wyoming County, Pennsylvania.  While there, Appellant assaulted an emergency room nurse[, Deborah McQue,] by striking her head with a closed fist and then repeatedly striking her head on the hospital floor.  As a result of Appellant's assault, the victim sustained bruising to multiple parts of her body, headaches, blurred vision and a post-traumatic seizure.  Appellant also assaulted the Director of Emergency Services at Tyler Memorial

Hospital[, Ted Cross,] by hitting him in the head and face several times and biting his right forearm. As a result, the victim sustained a chipped tooth, a laceration to his lip, a swollen elbow and injury to his left hip. Appellant also assaulted a Tyler Memorial Hospital staff member by hitting her with a closed fist causing a laceration to her lower lip and bleeding of her mouth. When police arrived, Appellant then spit in the face of the officers on scene and struck one of the officers in his face and mouth.

Trial Court Opinion, 11/16/20, at 1-2.

In connection with these events, Appellant was initially charged as a juvenile with dozens of criminal offenses. By stipulation of the parties, the matter was transferred to adult criminal court on May 28, 2019. *See* 42 Pa.C.S. § 6355. On July 29, 2020, Appellant pled guilty to the above-noted charges in exchange for the remainder of the counts being dismissed or withdrawn by the entry of *nolle prosequi*.

On September 9, 2020, Appellant appeared for sentencing, expressing remorse and requesting that the court show leniency. *See* N.T. Sentencing, 9/9/20, at 7-16. Ms. McQue and Mr. Cross also provided statements detailing the emotional and physical consequences of Appellant's assault. Of note, Ms. McQue testified that although her physical injuries eventually healed, the incident had prompted her to abandon nursing as a profession and left her with persistent anxiety. *Id*. at 17-26. Ultimately, Appellant was sentenced as detailed above. Specifically, this sentence consists of consecutive sentences of fifty-four to one hundred eight months for aggravated assault causing significant bodily injury, twelve to thirty-six months for aggravated assault causing bodily injury, and one to twenty-four months for simple

assault. All three sentences are at the top of the "standard" range set forth by the Pennsylvania Sentencing Guidelines.[1] *See* 204 Pa. Code § 303.16(a).

That same day, Appellant filed a timely post-sentence motion requesting that the trial court reconsider his sentence in light of the "mitigating factors" that he presented, which included "engaging in mental health counseling, drug and alcohol counsel, his youth" and "displaying true remorse and guilt." Post-Sentence Motion, 9/9/20, at ¶ 2. Additionally, Appellant asserted that his sentence was not individualized because the court was allegedly in the "standard practice" of setting sentences at the "maximum end" of the guideline ranges. *Id*. at ¶ 3. The court denied Appellant's motion.

On October 9, 2019, Appellant filed a timely notice of appeal to this Court. Both he and the trial court have complied with their obligations under Rule 1925. Appellant has raised two issues for our consideration:

> 1. Whether the sentences imposed on each of the charges and in the aggregate were harsh and excessive and an abuse of discretion in light of the fact that Appellant had made significant strides towards rehabilitation and presented several mitigating factors that were not properly considered or weighed by the court.
>
> 2. Whether the trial court abused its discretion and imposed a harsh and excessive sentence in accordance with the court's standard practice of sentencing defendants to the maximum-minimum, thus depriving him of an individualized sentence.

Appellant's brief at 6 (cleaned up).

---

[1] We note that "the sentencing guidelines provide for **minimum** and not maximum sentences." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1049 (Pa.Super. 2011) (emphasis added).

Appellant's first claim challenges the discretionary aspects of his sentence. A defendant is not entitled to review of challenges to the discretionary aspects of sentence as of right, but must invoke this Court's jurisdiction by fulfilling four separate requirements, namely: (1) filing a timely notice of appeal; (2) preserving the issue at sentencing or a timely post-sentence motion; (3) attaching a concise statement in his brief pursuant to Pa.R.A.P. 2119(f); and (4) raising a "substantial question" that the sentence appealed from is not appropriate under the Pennsylvania Sentencing Code. ***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa.Super. 2014).

Appellant has complied with the first three of these requirements by filing a timely appeal, filing a timely post-sentence motion, and including a Rule 2119(f) statement in his brief to this Court. Furthermore, Appellant's first claim asserts that the sentencing court imposed an excessive sentence without due consideration of certain mitigating factors. ***See*** Appellant's brief at 9 ("Appellant asserts that imposition of consecutive maximum minimum standard range sentences is excessive in that it failed to take into consideration the individual circumstances of Appellant."). This Court has previously found that "an excessive sentence claim, in conjunction with an assertion that the court did not consider mitigating factors," raises a

substantial question.[2]  ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1272

(Pa.Super. 2013) (citing  ***Commonwealth  v.  Perry***,  883  A.2d  599,  602

(Pa.Super. 2005)).  Thus, we will address the merits of Appellant's first claim.

Appellant  asserts  that  the  sentencing  court  imposed  an  excessive

sentence and did not properly consider the mitigating factors presented at

sentencing.   Specifically, Appellant asserts that the court's sentence "was

based  more  on  crime  and  the  impact  on  the  victims,  as  opposed  to  an

appropriate balance between those factors" and "the individual characteristics

of  the  offender,  his  specific  rehabilitative  needs,  and  the  minimum

confinement necessary."  Appellant's brief at 16.  Thus, he asserts a "long

period of incarceration is not warranted."  ***Id***. at 15-16.  Instead, Appellant

"believes that the trial court should have imposed a minimal incarceration

sentence  followed  by  a  probationary  period  wherein  he  could  seek . . .

professional help to address his issues in the 'real world.'"  ***Id***. at 16.

We bear the following well-established legal principles in mind:

> Sentencing  is  a  matter  vested  in  the  sound  discretion  of  the
> sentencing judge, and a sentence will not be disturbed on appeal
> absent a manifest abuse of discretion.  In this context, an abuse
> of discretion is not shown merely by an error in judgment.  Rather,
> the appellant must establish, by reference to the record, that the
> sentencing  court  ignored  or  misapplied  the  law,  exercised  its

---

[2]  ***But see Commonwealth v. Rhoades***, 8 A.3d 912, 919 n.12 (Pa.Super.
2010) (concluding that a defendant who received a standard-range sentence
did not raise a substantial question when challenging the sentencing court's
alleged failure to consider mitigating factors); ***Commonwealth v. Moury***,
992 A.2d 162, 171 (Pa.Super. 2010) (same).

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super. 2006). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Walls***, 926 A.2d 957, 564-65 (Pa. 2007).

Accordingly, Pennsylvania statute provides that

[t]he appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c). Under the same statute, we must also "have regard" for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the

findings upon which the sentence was based; and (4) the Pennsylvania Sentencing Guidelines. 42 Pa.C.S. § 9781(d)(1)-(4).

The sentencing court is charged to impose a sentence that is "consistent" with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. 9721(b). Additionally, the court is required to "disclose in open court at the time of sentencing, a statement of the reasons or reasons for the sentence imposed." *Id*. Where, as here, the sentencing court had the benefit of a presentence investigation report ("PSI"), "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010). We also note that "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is **not** required to impose the 'minimum possible' confinement." *Id*. (emphasis added) (quoting *Walls*, *supra* at 965).

As noted above, Appellant was sentenced to three consecutive terms of incarceration that were uniformly set at the top of the standard guidelines calculated under the Pennsylvania Sentencing Guidelines. In the aggregate, his sentence is approximately five and one-half to fourteen years in length. After noting that it believed a sentence within the standard guidelines was appropriate, the sentencing court provided a succinct rationale: "[Appellant's]

mental health needs are best addressed in a state correctional facility, Appellant has exhausted all resources at the county level, which were addressed during his juvenile placements. [Appellant] has a prior history of violence and . . . any lesser sentence would depreciate the seriousness of [his] actions." N.T. Sentencing, 9/9/20, at 31, 33-34.

We discern no abuse of discretion in the standard-range sentences imposed.[3] Instantly, there is no dispute that a PSI was properly prepared and reviewed by the sentencing court in Appellant's case. *Id*. at 5-6. To the extent that he avers that the sentencing court failed to consider certain mitigating circumstances, we are bound to conclude that the sentencing court was fully apprised of these factors and properly considered them. *See Moury*, *supra* at 171. Moreover, the sentencing court's stated reasons belie Appellant's arguments that it failed to consider his individual needs and circumstances. Rather, the sentencing court concluded that Appellant's ongoing mental health needs would be best addressed in a state correctional environment. Additionally, the court expressed concern regarding Appellant's history of violence and the seriousness of his assault upon the victims.

While Appellant may not agree with the sentencing court's conclusions, his sentence was reasonably calculated with his rehabilitative needs in mind.

---

[3] "[W]here a court explicitly states its intention to impose a standard range sentence, then a sentence at the cusp of the standard and aggravated ranges is a standard [g]uideline sentence." *Commonwealth v. Mrozik*, 213 A.3d 273, 278 n.9 (Pa.Super. 2019) (citation and quotation marks omitted).

Indeed, his arguments even concede the gravity of his offense. **See** Appellant's brief at 19 ("Admittedly, [Appellant's] underlying conviction was of a very serious nature."). Although Appellant maintains throughout his brief that this sentence represents a deviation from a "typical or normal case," he has not presented any precedent or law that would have required the court below to approach the imposition of sentence differently. No relief is due.

Although set forth as a separate claim, the gravamen of Appellant's second line of argument appears to be entirely duplicative of his first argument. **See** Appellant's brief at 19 ("It is clear from the transcript and the remarks made that what mitigation was presented held no influence in the [sentencing court's] decision to impose consecutive sentences at the very top end of the standard guideline range."). Therefore, this claim also fails.[4]

Judgment of sentence affirmed.

---

[4] Throughout Appellant's brief, he refers to the "common" or "standard" practice by which the sentencing court allegedly regularly sets defendants' minimum sentence at the highest possible term that still falls within the "standard" sentencing range. **See** Appellant's brief at 9, 12, 17-18. To the extent that Appellant relies upon this unsupported representation to buttress his arguments, there is nothing in the certified record that speaks to the frequency with which this sentencing court (or, indeed, **any** sentencing court in the Commonwealth) metes out particular terms of incarceration.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/29/2021</u>