**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORENZO WHITAKER | : | |
| | : | |
| Appellant | : | No. 1231 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 31, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006995-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORENZO WHITAKER | : | |
| | : | |
| Appellant | : | No. 1232 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 31, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006996-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORENZO WHITAKER | : | |
| | : | |
| Appellant | : | No. 1233 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 31, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006998-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LORENZO WHITAKER | : | |
| | : | |
| Appellant | : | No. 1234 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 31, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007000-2014

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED JUNE 6, 2023**

Lorenzo Whitaker appeals, *nunc pro tunc*, from the judgment of sentence imposed following his convictions for four counts each of burglary, criminal trespass, criminal mischief, and possession of instruments of crime; three counts of criminal attempt; and two counts each of theft by unlawful taking and receiving stolen property.[1] Whitaker now challenges the trial court's finding that similarities among the offenses displayed a common scheme. He also challenges the sufficiency and weight of the evidence supporting his convictions, as well as the discretionary aspects of his sentence. We affirm.

The trial court adeptly summarized the relevant factual history as follows:

[Whitaker] perpetrated a series of commercial burglaries in 2013.  Both direct and circumstantial evidence identified

---

[1] ***See*** 18 Pa.C.S.A. §§ 3502(a)(3), (4); 3503(a)(1)(ii); 3304(a)(2); 907; 901(a); 3921(a); 3925(a).

- 2 -

[Whitaker] as the perpetrator. On July 3, 2013, owners of the Stop and Shop [on] Dickinson Street were alerted to a burglary at their store. The owners discovered holes cut in the ceiling and roof and $12,000 missing from the ATM.

On December 8, 2013, a similar burglary occurred at Point Save Supermarket [on] Point Breeze Ave. The perpetrator had gained access to the store through the ceiling and had broken into the ATM. Video surveillance showed a masked person wearing a headlamp and gray-striped shirt descend into the store on a rope through a hole in the ceiling. Video further showed the perpetrator taking money and cigarettes before leaving through the roof. The crime scene was processed and the broken off tip of a screwdriver was found in the store's ATM.

On December 12, 2013, … [Whitaker] was stopped in a U-Haul truck in front of 3801 Kensington Ave. [Whitaker] was unable to produce a rental agreement for the U-Haul. Police searched the U-Haul [the following day] and recovered a gray-striped shirt, headlamp, screwdriver with broken tip, two black knit hats, white dust masks, a pickax, and a disposable camera. On the camera were photographs of large amounts of United States currency [sprawled] across the floor at someone's feet. Also in the U-Haul was a Home Depot receipt for a camera, rope, a crowbar, electrical tape, a utility knife and a screwdriver. Much of what was found in the U-Haul matched items seen on video surveillance footage of the Point Save Supermarket burglary.

On December 19, 2013, an employee came to open the Point Breakfast [on] Point Breeze Avenue when he noticed lights moving around on the ATM and a person inside. Police responded, but the perpetrator was gone. Police did recover a rope and noted a hole in the ceiling as well as pry marks on the ATM.

On December 25, 2013, [Whitaker] was caught hiding behind the deli counter at the Stop and Shop [on] Dickinson – the same location as the burglary on July 3, 2013. There was a hole in the ceiling and damage to the ATM. Recovered amongst a bag of tools was a screwdriver with a broken tip – an exact match to the broken tip found at [the Point Save Supermarket].

Trial Court Opinion, 4/13/22, at 2-3 (unnumbered).

Whitaker was convicted of the above-mentioned offenses, across four trial court dockets, after a bench trial. Following completion of a presentence investigation report ("PSI") and a mental health evaluation, the trial court sentenced Whitaker to an aggregate term of 6 to 12 years in prison, followed by 5 years of probation.

This Court affirmed Whitaker's judgment of sentence. **See Commonwealth v. Whitaker**, 175 A.3d 1073, 2720 EDA 2015 (Pa. Super. filed Aug. 15, 2017) (unpublished memorandum).[2] Significantly, this Court concluded that Whitaker's appellate claims were waived based on his failure to develop them, and because Whitaker failed to preserve his challenge to the weight of the evidence before the trial court or in a post-sentence motion. **See id.**

Whitaker promptly filed a *pro se* PCRA petition on December 18, 2017. Citing our memorandum decision, Whitaker argued his appellate counsel rendered ineffective assistance on direct appeal. Appointed PCRA counsel subsequently filed an amended PCRA petition explicitly requesting reinstatement of Whitaker's direct appeal rights, *nunc pro tunc*, based on trial counsel's ineffectiveness. The Commonwealth submitted a response indicating

---

[2] We note that this appeal included an additional trial court docket number, CP-51-CR-0006993-2014. At that docket, Whitaker was convicted for unauthorized use of a motor vehicle and was sentenced to 1 to 2 years in prison. The remaining prison terms were directed to run consecutive to No. 6993-2014, for an aggregate sentence of 7 to 14 years in prison.

it did not oppose reinstatement of Whitaker's direct appeal rights. The PCRA court restored Whitaker's direct appeal rights on January 7, 2021.[3]

Whitaker subsequently filed a post-sentence motion challenging the sufficiency and weight of the evidence supporting his convictions, as well as the discretionary aspects of his sentence. The post-sentence motion was denied by operation of law. This timely appeal followed.[4]

In his first issue, Whitaker asserts the trial court erred by determining the method of gaining entry into the businesses and ATMs constituted a signature crime under Pa.R.E. 404(b). *See* Appellant's Brief at 21-23. Rule 404(b) generally precludes evidence of other crimes or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, other crimes evidence may be admissible to establish, among other exceptions, a common scheme or plan. *See* Pa.R.E. 404(b)(2); *see also Commonwealth v. Semenza*, 127 A.3d 1, 7 (Pa. Super. 2015). Whitaker points to the Commonwealth's decision to *nolle prosse* charges at an additional docket in

_____

[3] Despite Whitaker's inclusion of No. 6993-2014 in his *pro se* petition, the amended PCRA petition filed by counsel did not identify that docket. As no explanation for its omission is clear from the record, it is possible that No. 6993-2014 was simply overlooked by counsel. Nevertheless, No. 6993-2014 does not appear on the court's order reinstating Whitaker's direct appeal rights, nor is it included on any subsequent filings.

[4] Whitaker filed a notice of appeal at each docket number. This Court, *sua sponte*, consolidated the appeals for review.

light of medical records establishing that Whitaker was hospitalized at the time of that burglary. *See id.* at 22.

Whitaker's first claim is a challenge to the admissibility of evidence. First, we note that the focus of Rule 404(b) is on *prior* bad acts. ***See generally Commonwealth v. Weakley***, 972 A.2d 1182, 1189 (Pa. Super. 2009) (explaining that "[e]vidence of distinct crimes is not admissible against a defendant being prosecuted for another crime solely to show his bad character and his propensity for committing criminal acts…." (citation omitted)). However, Whitaker does not reference the introduction of prior bad acts at trial, and there is no indication that Whitaker made an objection under Rule 404(b) at trial. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[5] Accordingly, Whitaker's first claim is waived.

In his second issue, Whitaker claims there was insufficient evidence to support his convictions of burglary "and related offenses." Appellant's Brief at 23. Whitaker generally argues there was no evidence that he was not privileged or licensed to enter the premises; there was no DNA evidence

_____

[5] In its opinion, the trial court references case law concerning joinder of separate offenses displaying a distinctive *modus operandi*. ***See*** Trial Court Opinion, 4/13/22, at 3 (unnumbered). There is no indication from the record that Whitaker moved to sever the informations filed against him. Therefore, to the extent Whitaker intends to challenge the joinder of these cases for trial, such claim is also waived.

linking him to the crime; and the trial court relied on its ruling that the burglaries were signature crimes. ***See id.*** at 23-24.

Whitaker's argument is not sufficiently developed for review. Whitaker simply lists each docket number, indicates he wishes to challenge the burglary conviction at each docket, and succinctly identifies evidence which he believes was lacking. Whitaker has failed to set forth the elements of burglary or to identify the elements the Commonwealth failed to establish.[6] Whitaker also fails to cite any legal authority beyond a statement of our standard of review for sufficiency claims. Therefore, this claim is waived. ***See*** Pa.R.A.P. 2119(a); ***see also Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (concluding that appellant waived challenge to the sufficiency of the evidence where he failed to set forth the elements of the crimes he was convicted of, identify which elements were not met, or cite to legal authority).

In his third issue, Whitaker contends the verdict was against the weight of the evidence. ***See*** Appellant's Brief at 24. As he did in his sufficiency claim, Whitaker merely lists the relevant docket numbers and the burglary offenses

---

[6] We note that the Commonwealth did present evidence that Whitaker was not privileged or licensed to enter the stores at the times when the burglaries occurred. ***See*** N.T., 4/23/2015, at 27-28; 88; 103-104. We also note that, contrary to Whitaker's assertion in his brief, his identity as the perpetrator of the burglaries was not based "solely" on the similarity in circumstances of each burglary. To the contrary, the Commonwealth presented evidence that Whitaker was caught while burglarizing the Stop and Shop on December 25, 2013. ***See id.*** at 61-62. Further, Whitaker was found in possession of a distinctive shirt that was seen in the surveillance video of the December 8, 2013 burglary of the Point Save store. ***See id.*** at 43.

and complains of the lack of DNA evidence or testimony that he was not licensed or privileged to enter the premises. *See id.* at 25-26. Whitaker fails to develop this argument with citation to and discussion of relevant legal authority. *See* Pa.R.A.P. 2119(a); *Gibbs*, 981 A.2d at 281. Whitaker also primarily relies on his sufficiency argument. *See Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa. Super. 2019) ("[I]n relying upon his argument in support of his sufficiency challenge, [a]ppellant conflates weight and sufficiency claims and has essentially failed to develop a challenge to the weight of the evidence."). For these reasons, this issue is also waived.

In his fourth and final issue, Whitaker argues the trial court abused its discretion by imposing consecutive sentences without justification. *See* Appellant's Brief at 26-27. There is no automatic right to appeal the discretionary aspects of a sentence. *See Commonwealth v. Mrozik*, 213 A.3d 273, 275 (Pa. Super. 2019). Instead, an appellant must invoke this Court's jurisdiction. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\* \* \*

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Moury***, 992 A.2d at 170 (quotation marks, brackets, and some citations omitted).

Here, Whitaker preserved his sentencing challenge in his *nunc pro tunc* post-sentence motion and filed a timely notice of appeal. He also included a separate Rule 2119(f) statement in his appellate brief, asserting the trial court imposed a manifestly excessive sentence by ordering each sentence to run consecutively, without consideration of mitigating circumstances, and without providing sufficient reasons. ***See*** Appellant's Brief at 20. Whitaker also claims the trial court was "overly focused on the offense itself" when imposing sentence. ***Id.*** We conclude that, taken together, Whitaker's assertions raise a substantial question for review, and we proceed to the merits of his sentencing challenge. ***See Commonwealth v. McNabb***, 819 A.2d 54, 56 (Pa. Super. 2003) (concluding appellant's claim that sentencing court did not sufficiently state its reasons for imposing sentence raised a substantial question); ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) ("This Court has [] held that an excessive sentence claim—in conjunction with an assertion that the [trial] court failed to consider mitigating factors—raises a substantial question." (citation omitted)); ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013) ("[A] claim that the trial

- 9 -

court focused solely on the nature of the offense, without considering the protection of the public or the rehabilitative needs of the appellant … presents a substantial question." (citation omitted)).

We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted).

"In every case in which the court imposes a sentence for a felony … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); ***see also Commonwealth v. Mouzon***, 812 A.2d 617, 620-21 (Pa. 2002) (plurality). "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014) (citation omitted). The trial court must also consider the Sentencing Guidelines. ***See*** 42 Pa.C.S.A. § 9721(b); ***see also Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is

required to consider the sentence ranges set forth in the Sentencing Guidelines….”). Moreover, “the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.” *Commonwealth v. Redmond*, 273 A.3d 1247, 1254 (Pa. Super. 2022) (citation and quotation marks omitted).

Whitaker had a prior record score of 5, and his burglary convictions carry an offense gravity score of 5. Therefore, the Sentencing Guidelines recommend a minimum sentence of 12 to 18 months in prison, plus or minus 3 months for aggravating or mitigating circumstances. *See* 204 Pa. Code § 303.16(a). For each of Whitaker’s burglary convictions, the trial court imposed a sentence of 18 to 36 months in prison. Because Whitaker’s individual sentences are within the standard range of the Sentencing Guidelines, we presume the sentence is reasonable, and we will vacate the sentence only if application of the guidelines is clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2) (providing that an appellate court may vacate a sentence within the guidelines only if “the case involves circumstances where the application of the guidelines would be clearly unreasonable”); *Moury*, 992 A.2d at 171 (“[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.” (citation omitted)).

During the sentencing hearing, defense counsel provided argument concerning Whitaker’s family support and his mental health struggles. *See*

N.T., Sentencing, 7/31/15, at 7-8. The Commonwealth highlighted the extensive property damage and monetary losses involved in Whitaker's crimes. *See id.* at 9. Before imposing sentence, the trial court explained that Whitaker had not exhibited actual remorse. *See id.* at 12. The court also recognized Whitaker's prior criminal history and suggested his crimes have escalated. *See id.* at 12 ("[Y]ou're a career criminal. You went from cars to burglaries. And you seem to be serving a life sentence. You're just doing it on an installment program.").

We conclude that Whitaker has failed to establish the circumstances surrounding his case made the imposition of consecutive, standard-range sentences unreasonable. The record also confirms the trial court was aware of and considered all relevant sentencing factors in fashioning Whitaker's sentence. Moreover, where, as here, the trial court has the benefit of a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171. Based upon the foregoing, and because we otherwise discern no abuse of the trial court's sentencing discretion, Whitaker is not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2023