OPINION BY MUSMANNO, J.:
Brian T. Mrozik ("Mrozik") appeals from the judgment of sentence entered following his guilty plea to resisting arrest and disorderly conduct.[1] We affirm in part, and vacate and remand in part.
In its Opinion, the trial court provided the following summary:
These charges arose out of an altercation with sheriff deputies [that was] initiated *275 and escalated by [Mrozik]. [Mrozik] was sentenced on September 6, 2018, on both counts. The [d]isorderly [c]onduct sentence was a fine only. The [r]esisting [a]rrest sentence was 12 to 24 months in a State Correctional Institution with credit for 73 days already served. His prior record score was R-FEL[,[2] ] and the Offense Gravity Score was 2. The Standard Range was 6-12 months. [Mrozik filed a post-sentence Motion, which the trial court denied.] [Mrozik] appealed this standard[-]range sentence.
Trial Court Opinion, 12/17/18, at 1 (footnote added). Mrozik timely filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal, after which the trial court filed its Opinion.
Mrozik presents the following claims for our review:
A. WHETHER THE TRIAL COURT GAVE [MROZIK] AN ILLEGAL SENTENCE BY SENTENCING [HIM] IN THE AGGRAVATED RANGE?[3 ]
B. WHETHER THE TRIAL COURT ERRED IN FAILING TO PROVIDE AGGRAVATING FACTORS[,] WHEN GIVING A SENTENCE IN THE AGGRAVATED RANGE?
Brief for Appellant at 6 (footnote added). We address these claims together, as Mrozik did so in his appellate brief.
Mrozik challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Moury , 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,
[this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903 ; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f) ; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
* * *
The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
Moury , 992 A.2d at 170 (quotation marks and some citations omitted).
Here, Mrozik filed a timely Notice of Appeal, raised his sentencing claim in a post-sentence Motion, and included in his brief a Pa.R.A.P. 2119(f) Statement of Reasons relied upon for allowance of appeal. Further, Mrozik's claim that the sentencing court imposed an aggravated-range sentence, without stating on the record its reasons therefor, raises a substantial question. See Commonwealth v. Booze , 953 A.2d 1263, 1278 (Pa. Super. 2008) (stating that "an allegation that the court failed to state adequate reasons on *276 the record for imposing an aggravated-range sentence ... raises a substantial question for our review."). Thus, we will review the substantive merits of Mrozik's claim.
Mrozik claims that the trial court improperly imposed an aggravated-range sentence, without stating on the record its reasons for sentencing in the aggravated range. Brief for Appellant at 14. According to Mrozik, his conviction of resisting arrest "fell under [L]evel 3[,] based on an Offense Gravity Score of 2, and a Prior Record Score of RFEL." Id. at 16. Therefore, Mrozik asserts, a standard-range sentence, pursuant to Pennsylvania's Sentencing Guidelines (the "Guidelines"), would be 6 months to less than 12 months in prison. Id. at 16-17. Mrozik posits that the trial court's minimum sentence of 12 months, rather than less than 12 months, constitutes a sentence within the aggravated range. Id. Therefore, Mrozik argues, the trial court abused its discretion by sentencing him within the aggravated range, without stating on the record its reasons for the sentence. Id. at 19-20.
The Commonwealth counters that the trial court did not sentence Mrozik within the Guidelines' aggravated range. Commonwealth's Brief at 4. The Commonwealth points out that, pursuant to 204 Pa. Code § 303.11(b)(3), the lower limit for a Level 3 standard-range minimum sentence is 12 months. Commonwealth's Brief at 5. According to the Commonwealth,
[t]he fact that [Mrozik's] sentence of 12 to 24 months ... in this case seemingly fell, however slightly, within the aggravated range is based upon an apparent conflict between the description of Sentencing Levels set forth in 204 Pa. Code [§] 303.11 [,] and the [G]uideline[s] sentence ranges contained in the Basic Sentencing Matrix, 204 Pa. Code [§] 303.16(a), with which they are supposed to correspond.
Commonwealth's Brief at 4. The Commonwealth contends that,
[b]ased on the inconsistency between the description of Level 3 and the standard range set forth in the Basic Sentencing Matrix, and the fact that [Mrozik's] minimum sentence of 12 months is consistent with "... a lower limit of incarceration of less than 12 months," as provided in the former, the Commonwealth asserts that [Mrozik's] sentence was not within the aggravated range ....
Id. at 5.
"Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion." Commonwealth v. Downing , 990 A.2d 788, 792 (Pa. Super. 2010).
Mrozik's claim requires us to construe provisions of the Guidelines. The dictates of the Statutory Construction Act[4] are applicable to our construction of these provisions.[5] See Commonwealth v. Buterbaugh , 91 A.3d 1247, 1266 (Pa. 2014) (concluding that the provisions of the Statutory Construction Act are applicable to the interpretation of the Sentencing Guidelines).
The object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S.A. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. Id. § 1921(b). Penal provisions of a statute *277 must be strictly construed. Id. § 1928(b)(1).
Such a directive does not compel us to attribute the narrowest possible meaning to the words, nor does it require us to disregard legislative intent; instead, it means that if we determine [that] the language of a penal statute is ambiguous, this language will be interpreted in the light most favorable to the accused.
Buterbaugh , 91 A.3d at 1267.
The Pennsylvania Code provides, in relevant part, that
[f]or each conviction offense of a judicial proceeding, the procedure for determining the [G]uideline sentence shall be as follows:
(1) Determine the Offense Gravity Score as described in § 303.3 and § 303.15.
(2) Determine the Prior Record Score as described in § 303.4 -- § 303.8.
(3) Determine the [G]uideline sentence recommendation as described in § 303.9 -- § 303.14, including enhancements (§ 303.10), and aggravating or mitigating circumstances (§ 303.13).
204 Pa. Code § 303.2(a).
Mrozik challenges his sentence for the crime of resisting arrest. The Offense Gravity Score for the crime of resisting arrest is 2. See 204 Pa. Code § 303.15. Mrozik does not dispute that his Prior Record Score, for sentencing purposes, is RFEL. Applying the Basic Sentencing Matrix set forth at 204 Pa. Code § 303.16(a), an Offense Gravity Score of 2 and a Prior Record Score of RFEL results in a Sentencing Level of 3, and a standard-range minimum sentence of 6 to less than 12 months.[6] ibr.US_Case_Law.Schema.Case_Body:v1">See id. § 303.16(a). Therefore, applying the plain language of the Basic Sentencing Matrix, the lower limit for a standard-range minimum sentence that may be imposed is 6 months. Id. The upper limit for a standard-range minimum sentence that may be imposed is less than 12 months. Id.
The Guidelines further provide that for an offense with an Offense Gravity Score of 2, the aggravated range is "up to 3 months longer than the upper limit of the standard range." 204 Pa. Code § 303.13(a)(4).
Section 303.11(b)(3) generally sets forth the standard-range minimum sentence for a Level 3 offender:
Level 3-- Level 3 provides sentence recommendations for serious offenders and those with numerous prior convictions .... The standard range is defined as having a lower limit of incarceration of less than 12 months ....
204 Pa. Code § 303.11(b)(3) (emphasis added). Section 303.11(b)(3) sets no "upper limit" for the minimum sentence that may be imposed for a standard-range sentence.[7] However, the lack of an upper limit does not lead us to conclude that all minimum sentences, above the lower limit, constitute standard-range sentences. See 1 Pa.C.S.A. § 1922(1) (stating that "the General Assembly does not intend a result that is absurd.").
In summary, the Basic Sentencing Matrix provides that, for a Level 3 offender with an Offense Gravity Score of 2 and a prior record score of RFEL, the lowest *278 minimum sentence that may be imposed, to constitute a standard-range sentence, cannot be less than 6 months. See 204 Pa. Code § 303.16(a). For that same offender, the highest minimum sentence that may be imposed, to constitute a standard-range sentence, must be "less than 12 months." See id. The Basic Sentencing Matrix does not conflict with Section 303.11(b)(3), which sets the lower limit for standard-range sentence at less than 12 months, and sets no upper limit.[8] See 204 Pa. Code § 303.11(b)(3).
In the instant case, the trial court sentenced Mrozik to a minimum sentence of 12 months, which complies with 24 Pa. Code § 303.11(b)(3), as it is not less than the 6-month lower limit for a standard-range sentence set by that section. However, Mrozik's 12-month minimum sentence exceeds the upper limit for a standard-range sentence set by the Basic Sentencing Matrix. See 204 Pa. Code § 303.16(a) (requiring a standard-range minimum sentence to be less than 12 months). Applying the plain language of these sections, Mrozik's sentence falls within the aggravated Guidelines range. See Commonwealth v. Hoover , 342 Pa.Super. 163, 492 A.2d 443, 444 (1985) (stating that "[a]bsent some clear statement by the legislature, we presume that a sentence at the bound of the minimum and aggravated minimum ranges belongs in the higher range.").[9]
"When the court imposes an aggravated or mitigated sentence, it shall state the reasons on the record and on the Guideline Sentence Form, a copy of which is electronically transmitted to the Commission on Sentencing in the manner described in § 303.1(e)." 204 Pa. Code § 303.13(c). Here, the trial court did not state its reasons for imposing an aggravated-range sentence on the record or on the Guidelines Sentence Form. Accordingly, we are constrained to vacate Mrozik's judgment of sentence as to his conviction of resisting arrest, and remand for resentencing as to that offense.[10]
Judgment of sentence affirmed in part, and vacated in part. Case remanded for resentencing as to the offense of resisting arrest. Superior Court jurisdiction relinquished.

18 Pa.C.S.A. §§ 5104, 5503(a)(4).

The trial court refers to the prior-record-score category, "Repeat Felony 1 and Felony 2 Offender," as defined at 204 Pa. Code § 303.4(a)(2).

Although Mrozik states that his sentence is illegal, his challenge is to the discretionary aspects of his sentence, which will be discussed infra .

See 1 Pa.C.S.A. §§ 1501 -1991.

We note that issues of statutory interpretation are pure questions of law; thus, our standard of review is de novo , and scope of review is plenary. In re D.L.H. , 606 Pa. 550, 2 A.3d 505, 513 (2010).

We note that the Guidelines range refers to an offender's minimum sentence. See Commonwealth v. Yeomans , 24 A.3d 1044, 1049 (Pa. Super. 2011) (stating that "the sentencing guidelines provide for minimum and not maximum sentences") (citation omitted).

Cf. 204 Pa. Code § 303.11(b)(2) (for Level 2 offenders, setting a "lower limit" and an "upper limit" for standard-range minimum sentences).

Even if these provisions were in conflict, we would conclude that the specific provisions of the Basic Sentencing Matrix control over the general description of a Level 3 standard sentence set forth in Section 303.11(b)(3). See 1 Pa.C.S.A. § 1933 (when general provision in statute "conflict[s] with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail.").

We are cognizant that, where a court "explicitly states its intention to impose a standard sentence, then a sentence at the cusp of the standard and aggravated ranges is a standard [G]uideline sentence." Commonwealth v. Lopez , 426 Pa.Super. 625, 627 A.2d 1229, 1231 (1993). Our review discloses that at sentencing, the trial court did not state its intention to sentence Mrozik in the standard range. In its Opinion, the trial court stated that "[Mrozik's] sentence was in the standard range, albeit at the top of the aggravated range." Trial Court Opinion, 12/17/18, at 2 (emphasis added). In light of this ambiguity, we do not apply the presumption of a standard-range sentence.

As the trial court imposed a fine for Mrozik's conviction of disorderly conduct, we do not vacate that sentence, as our disposition does not upset the trial court's sentencing scheme.