J-S28044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM ORTIZ | : | |
| | : | |
| Appellant | : | No. 2595 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001116-2012

BEFORE:    STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED OCTOBER 15, 2024**

William Ortiz ("Ortiz") appeals from the judgment of sentence imposed following his bifurcated jury and non-jury convictions of aggravated assault, possessing instruments of crime ("PIC"),[1] and related offenses.  We affirm the convictions, but vacate the judgment of sentence and remand for resentencing.

The underlying facts are not in dispute.  In July 2011, Ortiz, intending to shoot two men, exchanged gunfire with them on a street in Philadelphia. During the exchange, three people were injured, including Ortiz, a bystander was shot in his ribcage, and a two-year-old child who was shot in her shoulder. Ortiz and both victims survived.

_____

[1] **See** 18 Pa.C.S.A. §§ 2702(a), 907(a).

The Commonwealth charged Ortiz with four counts of aggravated assault and firearms offenses across four dockets: the instant docket, CP-51-CR-0001116-2012 ("Docket 1116"); CP-51-CR-0001119-2012 ("Docket 1119"); CP-51-CR-0001122-2012 ("Docket 1122"); and CP-51-CR-0001561-2012 ("Docket 1561").  The charges proceeded to a jury trial in April 2014. Ortiz did not testify or present any evidence.

At the instant docket, Docket 1116, the jury found Ortiz guilty of aggravated assault, PIC, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[2]  Separately, the trial court found Ortiz guilty of persons not to possess firearms.[3]  At each of the remaining three dockets, the jury found Ortiz guilty of one count each of aggravated assault and PIC.

On June 18, 2014, the trial court, which had the benefit of a pre-sentence investigation report ("PSI report"), conducted a sentencing hearing at all four dockets.  At Docket 1116, the trial court imposed the following sentences, all to run consecutively: (1) for aggravated assault, nine to eighteen years' imprisonment; (2) for persons not to possess firearms, five to ten years' imprisonment; (3) for firearms not to be carried without a license, three to six years' imprisonment; (4) for carrying firearms on public streets in

---

[2] 18 Pa.C.S.A. §§ 6106(a)(1), 6108.

[3] 18 Pa.C.S.A. § 6105(a)(1).

Philadelphia, two to four years' imprisonment; and (5) for PIC, two to four years' imprisonment. The aggregate sentence imposed at Docket 1116 was thus twenty-one to forty years' imprisonment.

At both Dockets 1119 and 1122, the trial court imposed the following sentences, to run concurrently with each other and concurrently with the sentences at Docket 1116: (1) for aggravated assault, seven and one-half to fifteen years' imprisonment; and (2) for PIC, two to four years' imprisonment.

At Docket 1561, the trial court imposed the following sentences, to run concurrently with each other but consecutively with the sentences at Docket 1116: (1) for aggravated assault, fifteen to thirty years' imprisonment; and (2) for PIC, two to four years. Ortiz's aggregate sentence across all four dockets was thirty-six to seventy-two years' imprisonment.

Ortiz filed an appeal, challenging, *inter alia*, the discretionary aspects of his sentence imposed at all four dockets. This Court affirmed his convictions, but vacated the sentences at all four dockets and remanded for resentencing, because the fifteen-to-thirty year sentence for aggravated assault imposed at Docket 1561 exceeded the twenty-year statutory maximum for a felony of the first degree. **See** 18 Pa.C.S.A. § 1103(1) (providing that a sentence for a felony of the first degree shall not exceed twenty years). The Pennsylvania Supreme Court thereafter denied Ortiz's petition for allowance of appeal. **See Commonwealth v. Ortiz**, 159 A.3d 595 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 169 A.3d 557 (Pa. 2017).

- 3 -

On November 13, 2017, the trial court conducted a re-sentencing hearing. The Commonwealth requested the same overall aggregate sentence of thirty-six to seventy-two years, while Ortiz requested a shorter aggregate sentence. The trial court considered that on appeal, the Superior Court generally affirmed the overall sentence but remanded for correction of the "allocation of time." N.T. Resentencing, 11/13/17, at 19. The trial court then, once again, imposed an aggregate sentence of thirty-six to seventy-two years' imprisonment, comprised as follows. At Dockets 1116 and 1119, the trial court re-imposed the same sentences as above, with the same consecutive and concurrent terms. At Docket 1122, the trial court imposed the following sentences: (1) for aggravated assault, the same concurrent seven and one-half to fifteen years' imprisonment; and (2) for PIC, a lengthier sentence of two and one-half to five years' imprisonment, with a new condition that it run consecutively to the sentences at Docket 1116. Finally, at Docket 1561, the trial court imposed new sentences as follows: (1) for aggravated assault, a shorter sentence of ten to twenty years' imprisonment, to run consecutively; and (2) for PIC, two and one-half to five years' imprisonment, also to run consecutively.

Ortiz filed post-sentence motions at Dockets 1119, 1122, and 1561, but not at the instant docket, Docket 1116. The trial court denied the three post-sentence motions. Ortiz then filed appeals at all four dockets, challenging the discretionary aspects of his sentence. On February 19, 2021, this Court

quashed the appeal at the instant docket on the ground that Ortiz's notice of appeal was untimely. However, this Court affirmed the judgments of sentence at the remaining dockets on the merits. Pertinently, in a footnote, this Court noted that Ortiz's PIC sentences appeared to fall outside the aggravated range guideline, but as he did not raise any argument thereto, he waived any challenge to the application of the sentencing guidelines. *See Commonwealth v. Ortiz*, 249 A.3d 1161 (Pa. Super. 2021) (unpublished memorandum at *17 n.3), *appeal denied*, 263 A.3d 548 (Pa. 2021). The Pennsylvania Supreme Court thereafter denied Ortiz's petition for allowance of appeal. *See id*.

Ortiz filed a timely Post Conviction Relief Act ("PCRA")[4] petition at the instant docket, seeking to reinstate his post-sentence rights *nunc pro tunc*. The trial court appointed present counsel, William Love, Esquire, and granted the requested relief. Ortiz thus filed a counseled post-sentence motion, which the PCRA court denied. Ortiz then filed a timely notice of appeal. Both he and the trial court have complied with Pa.R.A.P. 1925(b).

Ortiz presents the following issues for our review:

1. Whether the sentencing court violated the discretionary aspects of sentencing when it misapplied the guidelines and unreasonably sentenced . . . Ortiz outside of the aggravated range for the crime of [PIC].

2. Whether the sentencing court violated the discretionary aspects of sentencing when it imposed what is tantamount to

_____

[4] *See* 42 Pa.C.S.A. §§ 9541-9546.

a clearly unreasonable life sentence on . . . Ortiz (thirty six to seventy two years of incarceration).

Ortiz's Brief at 6-7.

In his first issue, Ortiz avers that, with respect to his PIC conviction, the trial court abused its discretion by imposing a sentence above the aggravated guideline range without stating reasons for the deviation on the record. This claim challenges the discretionary aspects of his sentence. ***See Commonwealth v. Mrozik***, 213 A.3d 273, 275-76 (Pa. Super. 2019). This Court has stated:

> "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Prior to reaching the merits of a discretionary sentencing issue,
>
>> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>>
>> * * * *
>>
>> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Mrozik*, 213 A.3d at 275 (some citations omitted). A "claim that the sentencing court imposed an aggravated-range sentence, without stating on the record its reasons therefor, raises a substantial question." *Id*.

Here, Ortiz has filed a timely notice of appeal, preserved his issue in his *nunc pro tunc* post-sentence motion, and properly included the issue in a Rule 2119(f) statement in his brief. *See id*. Additionally, his issue raises a substantial question for our review. *See id*. Accordingly, we will review the merits of Ortiz's claim.

"Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion." *Mrozik*, 213 A.3d at 276 (citation omitted). When construing provisions of the sentencing guidelines, the Statutory Construction Act[5] applies. *See id*. "[I]ssues of statutory interpretation are pure questions of law; thus, our standard of review is *de novo*, and scope of review is plenary." *Id*. at 276 n.5.

> The object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S.A. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. [1 Pa.C.S.A.] § 1921(b). Penal provisions of a statute must be strictly construed. [1 Pa.C.S.A.] § 1928(b)(1).

*Id*. at 276-77.

_____

[5] *See* 1 Pa.C.S.A. §§ 1501-1991.

Section 303.2(a) of the Pennsylvania Code provides the following procedures for determining the guideline sentence for a conviction:

> (1) Determine the Offense Gravity Score as described in § 303.3 and § 303.15.
>
> (2) Determine the Prior Record Score as described in § 303.4 — § 303.8.
>
> (3) Determine the guideline sentence recommendation as described in § 303.9 — § 303.14, including enhancements (§ 303.10), and aggravating or mitigating circumstances (§ 303.13).

204 Pa.Code § 303.2(a)(1)-(3). This Court has stated: "If a claim is properly preserved, an incorrect offense gravity score requires this Court to remand for resentencing or amend the sentence directly." *Commonwealth v. Archer*, 722 A.2d 203, 211 n.13 (Pa. Super. 1998).

Additionally, section 9721(b) of the Sentencing Code[6] provides, in pertinent part:

> In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission . . .. Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b). "We have interpreted these provisions to require, at minimum, that when a court deviates from the sentencing guidelines, it must indicate that it understands the suggested sentencing range."

---

[6] *See* 42 Pa.C.S.A. §§ 9701-9799.75.

- 8 -

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999). Finally,

we consider:

> [N]either the [Sentencing] Code nor our decisions [require] the sentencing court [to] recite the guidelines range on every occasion where the sentence imposed exceeds that range. [W]e have vacated sentence in the absence of a guidelines recitation only upon a proper showing that the court was guided in its sentencing decision by a material misapprehension of the applicable range under the guidelines, or upon evidence that the court ignored the guidelines, in contravention of the Sentencing Code. Moreover, we have affirmed sentence[s] where the record demonstrated that the sentencing court considered the guidelines and was aware that the sentence it imposed exceeded the guidelines range, though it did not, in fact, recite the range.

*Id*. at 214-15 (citations omitted).

Ortiz avers the trial court abused its discretion in imposing a sentence above the aggravated range guideline for his PIC conviction, without stating the reasons on the record for doing so. Ortiz maintains that at the first sentencing hearing in 2014, the Commonwealth misstated the guideline sentences.[7] Ortiz maintains he was a repeat felony offender ("RFEL") and thus

_____

[7] With respect to his first issue, Ortiz's court-ordered Rule 1925(b) statement only raised a claim that trial court "misapplied the guidelines and unreasonably sentenced [him] outside of the aggravated range for the crime of" PIC. Ortiz's Pa.R.A.P. 1925(b) Statement, 10/17/23. The Rule 1925(b) statement did not claim, as Ortiz now argues in his brief, that the trial court failed to state its reasons on the record for deviating from the sentencing guidelines. Nevertheless, we acknowledge that part of Ortiz's claim is that the trial court misinterpreted or misapplied the sentencing guidelines range, and, as we discuss *infra*, we observe the trial court believed it was imposing a sentence within the standard range.

*(Footnote Continued Next Page)*

the proper sentencing guideline for his PIC conviction was twelve to eighteen months, plus or minus three months. Ortiz' Brief at 16. However, Ortiz explains, he received a lengthier sentence of two to four years' imprisonment. Ortiz then contends the Sentencing Code requires a court to place its reasons on the record for deviating from the sentencing guidelines, but here, the trial court failed to do so.[8] *Id*. at 18. Ortiz concludes this Court should remand for resentencing.

In its opinion, the trial court stated Ortiz's two-to-four-year PIC sentence was at "the lower end of the recommended guideline range" and "in the mitigated guideline range." Trial Court Opinion, 11/20/23, at 7. The court further noted that the PSI report documented Ortiz's prior record score as "RFEL," and the court considered both parties' sentencing recommendations

_____

Furthermore, we note that Ortiz's Rule 2119(f) statement does not raise a claim — presented in his argument section — that the trial court misconstrued the sentencing guidelines. However, as the Commonwealth does not claim any deficiency in Ortiz's Rule 2119(f) statement, we decline to find waiver. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (stating that "when the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this Court may ignore the omission").

[8] The Commonwealth agrees with Ortiz that the standard range guideline for PIC was twelve to eighteen months' imprisonment. However, it asserts this Court should affirm the judgment of sentence, as his two-to-four year PIC sentence merely "slightly exceed[ed]" the standard range, and the trial court stated its intention to reimpose the same overall aggregate sentence. Commonwealth's Brief at 9-10.

and the trial evidence. *See id*. The trial court thus suggests we affirm the judgment of sentence.

After careful review of the record, we determine the trial court mistakenly believed the PIC sentence, of two to four years' imprisonment, was within the standard range sentencing guideline. First, pursuant to section 303.2 and the seventh edition of the sentencing guidelines, which was in effect at the time of the 2017 resentencing, we determine the following. The crime of PIC carried an offense gravity score of "3." *See* 204 Pa. Code §§ 303.2(a)(1), 303.15. Ortiz's prior record score was RFEL; this fact is not disputed. *See* 204 Pa. Code § 303.2(a)(2); *see also* N.T., 11/13/17, at 8. Applying the "Basic Sentencing Matrix" set forth at 204 Pa. Code § 303.16(a), the combination of this offense gravity score and prior record score yielded a standard range minimum sentence of twelve to eighteen months' imprisonment, plus or minus three months. *See* 204 Pa. Code § 303.16(a); *see also Mrozik*, 213 A.3d at 277 n.6 (explaining that "the [g]uidelines range refers to an offender's minimum sentence"). Additionally, the Commonwealth stated, without opposition, that Ortiz's PSI report showed "no mitigation in this case." N.T., 6/18/14, at 16.

However, at the first sentencing hearing on June 18, 2014, the Commonwealth overstated the offense gravity score for each of Ortiz's PIC convictions as a "4," as well as the sentencing guideline range to be twenty-one to thirty months' imprisonment, plus or minus three months. *See id*. at

- 11 -

7, 19. The Commonwealth requested a sentence of two to four years' imprisonment, specifying that it would **not** fall within the aggravated range. **See id**. at 20. Subsequently, at the November 13, 2017 resentencing hearing, the Commonwealth reiterated that Ortiz had a RFEL status, but neither the parties nor the trial court referred to the offense gravity scores or sentencing guideline ranges. At the instant docket, Docket 1116, the trial court imposed a sentence of two to four years' imprisonment and, in its opinion, found this sentence was within the standard guideline range.[9] **See** Trial Court Opinion, 11/20/23, at 7.

We do not find error in the trial court's lack of reciting the applicable sentencing guidelines at the 2017 resentencing hearing. **See Rodda**, 723 A.2d at 214. Nevertheless, it is clear that while the trial court believed it was imposing a sentence on PIC within the standard guideline range, the court's sentence not only exceeded the standard guideline range, but also the aggravated range. **See** Trial Court Opinion, 11/20/23, at 7. Thus, the record supports a finding that the trial court "was guided in its sentencing decision by a material misapprehension of the applicable range under the guidelines," and that the court imposed a sentence outside the standard range without "a contemporaneous written statement of the reason . . . for the deviation." **See**

---

[9] As stated above, the trial court imposed sentences of two and one-half to five years' imprisonment for PIC at Dockets 1122 and 1561, to run consecutive to the sentences at Docket 1116.

42 Pa.C.S.A. § 9721(b); *see also Rodda*, 723 A.2d at 214. As Ortiz has properly challenged these errors, we vacate the PIC sentence and remand for resentencing. Furthermore, as the trial court imposed the PIC sentence to run consecutive to all the other sentences at Docket 1116, it is possible that our disposition will disturb the overall sentencing scheme. Accordingly, we also vacate the remaining sentences at Docket 1116 and remand for resentencing. *See Commonwealth v. Vela-Garrett*, 251 A.3d 811, 819 (Pa. Super. 2021).

In his second issue, Ortiz avers his aggregate sentence was manifestly unreasonable and amounted to a life sentence. In light of our disposition above, we do not reach the merits of this sentencing issue.

In sum, we affirm the convictions but vacate all the sentences at Docket 1116 and remand for resentencing.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2024