J-A12029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
COREY TAYLOR :
:
Appellant : No. 817 EDA 2024

Appeal from the Judgment of Sentence Entered November 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004100-2022

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 13, 2025**

Appellant, Corey Taylor, appeals from the November 3, 2023 judgment

of sentence entered in the Philadelphia County Court of Common Pleas

following his conviction of Aggravated Indecent Assault of a Child,

Endangering the Welfare of Children, Corruption of Minors, Indecent Assault

of a Person Less than 13 Years of Age, and Unlawful Contact with a Minor.[1]

He raises several claims challenging the discretionary aspects of his sentence.

After careful review, we affirm.

A detailed factual history is unnecessary to our disposition. Briefly,

[t]he victim in this case, ["Victim"], is [Appellant's] biological
daughter. [Appellant] and [Victim's] mother separated in 2006,
when [Victim] was approximately three years old. When [Victim]
was about eight or nine years old, she began spending every other
weekend at [Appellant's] house. She continued the visits until she

_____

[1] 18 Pa.C.S. § 3125(b), 4304(a)(1), 6301(a)(1)(ii), 3126(a)(7), and
6318(a)(1), respectively.

was almost 11 years old. At almost every one of [Victim's] weekend visits to [Appellant's] house during that time period, [Appellant] sexually abused [Victim.]

Trial Ct. Op., 4/30/24, at 2. Victim disclosed the abuse in 2019.

On March 9, 2020, the Commonwealth charged Appellant with the above offenses. Appellant proceeded to a jury trial. On June 9, 2023, the jury convicted him of all charges.

Appellant proceeded to sentencing on November 3, 2023. At the sentencing hearing, the trial court explained that it considered all evidence presented throughout the case, the presentence investigation ("PSI") report, his prior record score ("PRS"), the Sexual Offenders' Assessment Board ("SOAB") report, his mental health evaluation, the information presented at sentencing, including the victim impact statements written by Victim and her mother, the sentencing guidelines, and the statutory factors. Regarding the statutory factors, the court cited (1) the strong need to protect the public; (2) Appellant's high risk of recidivism, based on both his own statements indicating a lack of remorse and his prior crimes, including a prior conviction for sexual offenses against his 18-year-old cousin; (3) the severity of the impact on Victim; and (4) his rehabilitative needs, which would be best addressed in a state correctional facility. The court also noted that Appellant's PRS did not reflect a subsequent conviction for Rape of a Child in which the victim was his stepdaughter. Finally, it found that a sentence of less than total confinement would depreciate the seriousness of the crime and fail to protect the public. N.T. Sentencing, 11/3/23, at 28-35.

The trial court sentenced Appellant to an aggregate term of 24 to 48 years' incarceration, followed by 3 years of probation.[2]

Appellant filed a timely Motion for Reconsideration ("post-sentence motion") which noted the guideline range and asked the court to reconsider Appellant's sentence in light of the following: Appellant is 40 years old, had his first sexual experience at 12, reported using ecstasy as an adult, had been diagnosed as a teenager with Conduct Disorder and Adjustment Disorder with Anxiety, and had a "lengthy" criminal record that is "suggestive of Antisocial Personality Disorder." Post-Sentence Motion, 11/6/23, at ¶¶ 2-9. The court denied the motion on February 21, 2024.

Appellant timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.[] § 9721(b) or any mitigating evidence when it imposed the sentence in question?

2. Whether the lower court erred and abused its discretion in that it sentenced [Appellant] in the upper end of the sentencing

_____

[2] The court imposed consecutive terms of 9 to 18 years' incarceration for Aggravated Indecent Assault of a Child, 2 to 4 years' incarceration for Endangering the Welfare of Children, 2 to 4 years' incarceration for Corruption of Minors, 9 to 18 years' incarceration for Unlawful Contact with a Minor, and 2 to 4 years' incarceration, followed by 3 years of probation, for Indecent Assault of a Person Less than 13 Years of Age. Appellant's sentences for Aggravated Indecent Assault of a Child and Unlawful Contact with a Minor were in the aggravated range of the sentencing guidelines; his remaining sentences were in the standard range.

guidelines without considering mitigating factors and only considered the seriousness of the offense when it imposed sentence?

3. Whether the lower court erred and abused its discretion in sentencing [Appellant] in that it failed to place its reasoning for the sentence, including its diversion from the sentencing guidelines, on the record?

4. Whether the lower court erred and abused its discretion in sentencing [Appellant] in that it failed to state its reasons for the sentence on the record?

Appellant's Br. at 2.

*** 

Appellant's claims challenge the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987). To obtain our review, an appellant must (1) preserve the issue at sentencing or in a post-sentence motion; (2) file a timely notice of appeal; (3) include a concise statement of the reasons relied on for appeal pursuant to Pa.R.A.P. 2119(f); and (4) raise a "substantial question that the sentence is appropriate under the [S]entencing [C]ode." ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Here, Appellant filed a timely notice of appeal. He has failed to include a Rule 2119(f) Statement in his brief to this Court, but the Commonwealth did not object to the omission, and, thus, we decline to find waiver based on the lack of a Rule 2119(f) statement. ***See Commonwealth v. Brougher***, 978

A.2d 373, 375 (Pa. Super. 2009). Further, although Appellant's post-sentence motion did not state his request for relief "with specificity and particularity," the trial court addressed his claims in its Rule 1925(a) opinion, so we decline to find waiver. Pa.R.Crim.P. 720(b)(10)(a). Accordingly, we will consider whether Appellant has raised a substantial question.

We determine on a case-by-case basis whether an appellant has raised a substantial question regarding the discretionary aspects of his sentence. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted).

Taken together, Appellant claims that the trial court imposed harsh and excessive sentences based only on the seriousness of his crimes, without properly considering mitigation evidence and the 42 Pa.C.S. § 9721(b) sentencing factors. Appellant's Br. at 2. He also claims that the court imposed sentences in the aggravated range without putting its reasons on the record. *Id.*

A claim that the court failed to state on the record sufficient reasons for imposing an aggravated-range sentence constitutes a substantial question. *Commonwealth v. Fullin*, 892 A.2d 843, 850 (Pa. Super. 2006). Additionally, a claim that the sentencing court "focused on the seriousness of

the crimes charged, that the sentencing scheme was contrary to the norms underlying the sentencing process and that [the] sentence was manifestly excessive and unduly harsh" constitutes a substantial question. *Glass*, 50 A.3d at 727. Accordingly, Appellant has raised substantial questions, and we will consider the merits of his claims.

\*

It is well-settled that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted). An abuse of discretion is not merely an error in judgment—"[r]ather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted).

Our sentencing code provides that the court must fashion an individualized sentence that is consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The court must "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Specifically, the court should refer to, *inter alia*, the defendant's "age, personal characteristics, and [her] potential for

- 6 -

rehabilitation." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). Additionally, when sentencing to total confinement, the court must consider "the history, character, and condition of the defendant" and determine if

> (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
>
> (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
>
> (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725.

When the sentencing court has the benefit of a PSI report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing a sentence. ***Commonwealth v. Sexton***, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted).

Finally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that a standard range sentence, imposed with the benefit of a PSI report, "absent more, cannot be considered excessive or unreasonable[.]"). When imposing an aggravated-range sentence, the court "shall state the reasons on the record[.]" ***Commonwealth v. Mrozik***, 213 A.3d 273, 278 (Pa. Super. 2019) (citation omitted).

*

All of Appellant's claims challenge the trial court's discretion in imposing his sentence and, thus, we address them together. Appellant's Br. at 14-20. Appellant asserts that the trial court failed to consider all the Section 9721(b) factors or any mitigating evidence in imposing his aggravated-range sentences for Aggravated Indecent Assault of a Child and Unlawful Contact with a Minor.[3] Appellant's Br. at 16-17. Specifically, he maintains that, in considering his rehabilitative needs, the court failed to consider his mental health—that he suffers from Conduct Disorder, Adjustment Disorder with Anxiety, and Antisocial Personality Disorder, and has a history of substance abuse and childhood sexual abuse. *Id.* at 17-18. He also asserts that the court failed to consider his criminal history, age, employment, "dysfunctional upbringing," or personal characteristics, and instead only considered the seriousness of the offense, as indicated by the court's statement at sentencing that his PRS did not account for his subsequent conviction for sexual offenses and that these convictions indicated a need to protect the public. *Id.* at 18-19. Finally, he maintains that the court failed to indicate on the record its basis for imposing aggravated-range sentences. *Id.* at 20.

The trial court opined that did not abuse its discretion in imposing Appellant's sentence, noting that it amply explained its reasoning at the

---

[3] Appellant's PRS was 5. The offense gravity score ("OGS") for Aggravated Indecent Assault of a Child and Unlawful Contact with a Minor is 12, and thus, the guideline range is 84 to 102 months, plus 12 months for the aggravated range. N.T. Sentencing at 4-5.

- 8 -

sentencing hearing, including its consideration of the Section 9721(b) factors, and concluded that Appellant is a "danger to others, including and especially vulnerable individuals, young people, [and] family members." Trial Ct. Op., 4/30/24, at 5-6, 8-9. The court explained that it considered not only the gravity of the offense, including its "obviously extremely serious" impact on Victim, but also Appellant's rehabilitative needs, including his need for treatment which would be provided during a sentence of state incarceration. *Id.* at 6-7. The court also acknowledged its review of the PSI report and, thus, considered the mitigating evidence of Appellant's background and his past struggles with mental illness. *Id.* at 7. Accordingly, the court concluded that it considered all relevant factors, not just the seriousness of the offense as Appellant claims and determined that the "aggravating factors in this case substantially outweighed the evidence of mitigation." *Id.* at 8.

Following our review, we conclude that the court properly considered all the relevant sentencing factors and adequately explained on the record its reasons for imposing sentences within the aggravated range for his convictions of Aggravated Indecent Assault of a Child and Unlawful Contact with a Minor.[4] *See* N.T. Sentencing at 28-35. Specifically, the court explained that it based its sentence on the evidence presented in the case, including

---

[4] Appellant's brief does not challenge his remaining standard-range sentences. We nonetheless conclude, based on our review of the record and relevant case law, that the court's standard range sentences, imposed following review of the PSI report, were not excessive or unreasonable. *See Moury*, 992 A.2d at 171.

that presented at sentencing, the gravity of the offenses, the impact on Victim, the protection of the public, Appellant's rehabilitative needs, and Appellant's refusal to accept responsibility. *Id.* In addition, the court acknowledged that it had read Appellant's PSI and mental health evaluation reports prior to imposing sentence. *Id.* at 28. We, thus, presume that the court considered all relevant mitigating factors, including Appellant's mental health. *Sexton*, 222 A.3d at 422. The record, thus, belies Appellant's assertions that the court failed to consider the sentencing factors and failed to place its reasoning on the record.

Accordingly, we conclude that Appellant's claims merit no relief and we, thus, affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/13/2025