J-S06026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYRELL MORGAN | : | |
| | : | |
| Appellant | : | No. 664 WDA 2025 |

Appeal from the Judgment of Sentence Entered May 14, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002678-2022

BEFORE: KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: May 27, 2026**

Kyrell Morgan ("Morgan") appeals from the judgment of sentence imposed following his convictions for third-degree murder and endangering the welfare of a child ("EWOC"), and this Court's remand for resentencing.[1] Upon review of the sentencing record, it appears the sentencing court's intent was to sentence Morgan within the recommended guidelines, but applied the guidelines erroneously. Thus, Morgan's sentence for EWOC is improper.[2] Since vacating the sentence disrupts the sentencing scheme, we are

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2502(c), 4304(a)(1).

[2] **See** 42 Pa.C.S.A. § 9781(c).

constrained to vacate the judgment of sentence in its entirety and remand for resentencing.

We adopt the facts from this Court's prior decision:

[Morgan's] convictions stem from the murder of his girlfriend's two-year-old daughter in December of 2021. Following a jury trial in July of 2023, Morgan was convicted of the above-stated offenses. On October 23, 2023, the court sentenced [him] to [twenty] to [forty] years[ of] imprisonment for his third-degree murder conviction, and a consecutive term of [twenty] to [forty] months' incarceration, plus one-year probation, for his EWOC [conviction].

**Commonwealth v. Morgan**, No. 337 WDA 2024, 2025 WL 845102 (non-precedential memorandum at *1) (Pa. Super. Mar. 18, 2025).

Following Morgan's appeal, we held the EWOC charge had erroneously been graded as a felony because the necessary jury information had not been provided. **See id**. at 8. Thus, we vacated Morgan's sentence for EWOC and remanded for resentencing on that count as a first-degree misdemeanor. **See id**. Because this upset the trial court's overall sentencing scheme, we vacated the judgment of sentence in its entirety and remanded for resentencing. **See id**.

Pursuant to this Court's directive, the trial court resentenced Morgan in May 2025. The trial court imposed the same twenty-to-forty-year sentence for third-degree murder and a reduced sentence of fifteen to forty months for EWOC. Morgan timely filed a post-sentence motion, which the trial court denied. Morgan timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.

Morgan raises the following issues for our review:

1. Whether the [t]rial [c]ourt abused its sentencing discretion when it sentenced . . . Morgan to [fifteen to forty] months[ of] incarceration for EWOC, which was above the standard guidelines range, and failed to provide the proper explanation for sentencing above the standard guidelines range, as 42 Pa.C.S.A. § 9721(b) requires?

2. Whether the [t]rial [c]ourt abused its sentencing discretion by sentencing . . . Morgan to [fifteen to forty] months[ of] incarceration for EWOC and 20[ to ]40 years[ of] incarceration for [t]hird-[d]egree [m]urder and imposing the sentences consecutively when the sentences and their consecutive nature were manifestly unreasonable because the [t]rial [c]ourt focused on the gravity of the offense to the exclusion of the other mandatory sentencing factors under 42 Pa. C.S.A. § 9721(b)?

Morgan's Brief at 5.

Morgan's first claim implicates the discretionary aspects of sentencing. *See Commonwealth v. Agugliaro*, 342 A.3d 105, 115 (Pa. Super. 2025) (explaining a claim that the trial court erred in imposing an aggravated-range sentence without stating sufficient reasons and ignoring mitigating factors presents a challenge to the discretionary aspects of sentencing).

There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018). Before reaching the merits of a discretionary sentencing claim, we must determine:

(1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise

statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Dortch***, 343 A.3d 298, 310 (Pa. Super. 2025) (internal citation omitted).

Morgan preserved his sentencing issues in a post-sentence motion, filed a timely appeal, and included in his brief a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we consider whether Morgan has raised a substantial question. Morgan first argues the trial court erred when it imposed an aggravated-range sentence without stating its reasons for such a sentence on the record. ***See*** Morgan's Brief at 19-22. This raises a substantial question. ***See Commonwealth v. Mrozik***, 213 A.3d 273, 275 (Pa. Super. 2019) (explaining such a claim raises a substantial question).

We next consider the merits of Morgan's claim, mindful of our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Campbell***, 347 A.3d 707, 718 (Pa. Super. 2025) (internal citation omitted).

"The sentencing guidelines are purely advisory in nature—they are not mandatory. A court may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by statute." ***Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (citations omitted). A court may depart from the guidelines to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. ***See Commonwealth v. Slaughter***, 339 A.3d 456, 467 (Pa. Super. 2025).

However, an appellate court shall vacate a sentence if it finds that the trial court intended to sentence within the guidelines, but "applied the guidelines erroneously;" a sentence was imposed within the guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c).

In his first issue, Morgan claims the trial court sentenced him above the standard range while mistakenly believing the sentence was within the standard range. ***See*** Morgan's Brief at 22.[3]

---

[3] The Commonwealth concedes this point. ***See*** Commonwealth's Brief at 12-20. We appreciate the Commonwealth's candor.

The sentencing record reflects the court considered Morgan's claim and disagreed, asserting that "[t]he minimum sentence of [fifteen] months is at the top of the standard range of the [s]entencing [g]uidelines[,]" Trial Court Opinion, 7/29/25, at 9, showing the trial court's intent to sentence Morgan "at the top of the standard range." *Id*.

Pursuant to Section 9781(c), and given the record, the trial court erroneously applied the sentencing guidelines. *See* 42 Pa.C.S.A. § 9781(c). EWOC, graded as a first-degree misdemeanor, carries an offense gravity score of five and Morgan had a prior record score of two. *See* 204 Pa. Code § 303.15; Guidelines, 10/23/23, at 1-2. Thus, the applicable sentencing guidelines[4] provide for a standard-range sentence of three to fourteen months +/-three months. *See* 204 Pa. Code § 303.16(a) (applicable guidelines). The trial court erroneously believed that a fifteen-month minimum fell within the standard range. *See Commonwealth v. Tavarez*, 174 A.3d 7, 10-11 (Pa. Super. 2017) (explaining a trial court is required to determine the correct guidelines range before sentencing); 204 Pa. Code §§ 303.15, 303.16(a) (applicable guidelines); *see also* 42 Pa.C.S.A. § 9781(c). As the trial court applied an incorrect guideline range and erroneously concluded Morgan received a standard- rather than an aggravated-range sentence, it abused its

---

[4] The 7th Editon, Amendment 6 of the Sentencing Guidelines applies because it was in effect at the time of the underlying offense. *See* 204 Pa. Code § 303.19.

discretion. *See* N.T., 5/14/25, at 8; Trial Court Opinion, 7/29/25, at 9. As a result, we vacate the EWOC sentence and remand for resentencing. *See Tavarez*, 174 A.3d at 11 (explaining if the starting point is calculated erroneously, "we will vacate the judgment of sentence and remand for resentencing.").[5]

Additionally, because the EWOC count runs consecutively to the third-degree murder count, we must vacate the judgment of sentence in its entirety. *See Commonwealth v. Bernard*, 218 A.3d 935, 944 (Pa. Super. 2019) (stating we must remand when "the trial court imposed consecutive sentences[ and] our disposition upsets the overall sentencing scheme . . . [so] the trial court can restructure its sentence plan").

Because our disposition as to Morgan's first issue disrupts the sentencing scheme, and we vacate the whole judgment of sentence—which includes the sentence for third-degree murder—we do not address Morgan's second issue. *See*, *e.g.*, *Commonwealth v. Tighe*, 184 A.3d 560, 585 (Pa. Super. 2018) (declining to address additional sentencing issue when

---

[5] While it was well within the trial court's discretion to deviate from the sentencing guidelines and sentence Morgan to an aggravated-range sentence, such an upward departure requires the sentencing court to place its reasons for the departure on the record. *See e.g. Commonwealth v. Snyder*, 289 A.3d 1121, 1127 (Pa. Super. 2023). The record here does not show any such analysis, and coupled with the court's language showing an intent to stay within the standard range it appears to be an erroneously imposed sentence.

resolution of the preceding issue resulted in the vacating of the judgment of sentence).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/27/2026